```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF INDIANA
            HAMMOND DIVISION
```

DR. DAVID L. SWOOPE, JR.   )
                           )
       Plaintiff,          )
                           )
   vs.                     )   Case No. 2:10-CV-423-RL
                           )
GARY COMMUNITY SCHOOL      )
CORP. *et al.*,            )
                           )
       Defendants,         )

## OPINION AND ORDER

This matter is before the Court on the: (1) Plaintiff's Verified Motion for Default Judgment as to Defendant Gary Community School Corporation, filed by Plaintiff, Dr. David Swoope, Jr., on August 15, 2011 (DE #35); and (2) Plaintiff's Verified Motion for Default Judgment as to Defendants Dr. Myrtle Campbell and Dr. Cordia Moore, also filed by Plaintiff, Dr. David L. Swoope, Jr., on August 15, 2011 (DE #37). For the reasons set forth below, Plaintiff's motions **CONTINUE TO BE UNDER ADVISEMENT**. Plaintiff's request for a jury trial to assess damages (DE #45) is **DENIED**. Plaintiff is **ORDERED** to file memoranda with this Court on or before **January 11, 2012**, detailing the amount of damages incurred, including documentary evidence and/or affidavits needed to ascertain the amount of damages, and any additional support for the request, citing statutory or case law authority where appropriate.

BACKGROUND

As detailed more thoroughly in this Court's order dated August 31, 2011 (DE #39), default was entered by the Clerk against Defendant, Gary Community School Corporation ("GCSC") and Defendants, Dr. Myrtle Campbell and Dr. Cordia Moore. Plaintiff filed the instant motions for default judgment. This Court ordered the Plaintiff to file memoranda with this Court on or before September 30, 2011, detailing the amount of damages incurred, including documentary evidence and/or affidavits needed to ascertain the amount of damages, and any additional support for the request, citing statutory or case law authority where appropriate. (*See* DE #39.) The Court also denied Plaintiff's request for a non-advisory jury for determination of damages. Rather than filing the requested memoranda, Plaintiff filed a memorandum arguing he is entitled to a jury trial on the issue of damages. (*See* DE #45.)

DISCUSSION

It is true that Plaintiff's discrimination claims under Title VII of the Civil Rights Act of 1974, 42 U.S.C. § 2000e carries with it a right to a jury trial. *See* 42 U.S.C. § 1981a(c)(1). However, liability has already been established in this case by entry of default, and all that remains to be determined is the amount of damages. Plaintiff claims a statutory right to a jury trial persists even after default because Rule 55(b)(2) states the Court shall "preserv[] any federal statutory right to a jury trial . . .

2

." Fed. R. Civ. P. 55(b)(2). However, this Court concurs with the Court in *Benz v. Skiba, Skiba & Glomski*, 164 F.R.D. 115 (D. Me. 1995), which analyzed this identical issue and determined that:

> Read in context, however - a rule detailing the methods for entering judgments where default has occurred - the language reasonably applies to statutes requiring jury trials specifically after default has occurred. The Advisory Committee note promulgated at the time of adoption supports this reading. It states explicitly that this last clause of paragraph (2) preserves 28 U.S.C. § 1874 and similar statutes. Notes of Advisory Committee on Rules, 1937 Adoption, Note to Subdivision (b). Section 1874 is a very unusual statute, quite unlike 42 U.S.C. § 1981a(c)(1), or other statutes giving a general right to a jury trial. Section 1874 provides that in certain types of collection actions there is a right to jury trial *even after default* (or confession). By specifying this concern with section 1874 and similar statutes, the Advisory Committee Note thus confirms that the last clause of Rule 55(b)2) requires a jury trial after default only where a statute specifically provides for jury trial after default.

*Benz v. Skiba, Skiba & Glomski*, 164 F.R.D. 115, 115-16 (D. Me. 1995) (emphasis in original).

As noted in *Benz*, both academic commentators and caselaw support this reading of Rule 55(b)(2). *See* 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2688 (1983); 5 James W. Moore, et al., *Moore's Federal Practice* ¶ 38.19[3] (1992) ("The only statute according a right of jury trial in a default case is 28 U.S.C. ¶ 1874. . . ."); *Shepherd v. American Broadcasting Cos., Inc.*, 862 F.Supp. 486, 491 n.4 (D.D.C. 1994), *vacated on other grounds*, 62 F.3d 1469 (D.C. Cir. 1995)

("The parties are clearly not entitled to a jury trial on the damages question. The sole federal statute that entitles defaulted parties to a jury damages trial is 28 U.S.C. § 1874. . . ."). Moreover, there is no Constitutional right to a jury trial under the Seventh Amendment for the assessment of damages. *Benz*, 164 F.R.D. at 116. The Seventh Circuit is in accord. *See, e.g., Meyers v. Lakeland Supply, Inc.*, 133 F.Supp.2d 1118, 1118 (E.D. Wis. 2001) (citing *Midland Contracting Co. v. Toledo Foundry & Machine Co.*, 154 F. 797 (7th Cir. 1907)) ("Under Seventh Circuit law, plaintiffs do not have a right to a jury trial as to damages on default judgment."). Finally, nothing presented to the Court in the record or the briefing shows that the Court should exercise its discretion and provide a post-default jury trial on damages.

CONCLUSION

Plaintiff's request for a jury trial to assess damages (DE #45) is **DENIED**. Plaintiff is **ORDERED** to file memoranda with this Court on or before **January 11, 2012**, detailing the amount of damages incurred, including documentary evidence and/or affidavits needed to ascertain the amount of damages, and any additional support for the request, citing statutory or case law authority where appropriate.

**DATED: December 28, 2011**       /s/ RUDY LOZANO, Judge
                                   **United States District Court**