```
                 UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION


DR. DAVID L. SWOOPE, JR.,        )
                                 )
            Plaintiff            )
                                 )
            v.                   )   CIVIL NO. 2:10 cv 423
                                 )
GARY COMMUNITY SCHOOL            )
CORPORATION; DR. MYRTLE          )
CAMPBELL, DR. CORDIA MOORE, in   )
their official and individual    )
capacities,                      )
                                 )
            Defendants           )
```

OPINION AND ORDER

This matter is before the court on the Verified Motion for Leave to Amend Plaintiff's Complaint [DE 26], filed by the plaintiff, Dr. David L. Swoope, Jr., on May 16, 2011. For the following reasons, the motion is **DENIED**.

Background

The plaintiff, Dr. David L. Swoope, Jr., filed his complaint on October 25, 2010, alleging various federal claims including gender discrimination, retaliation, harassment, hostile work environment, and deprivation of due process. Swoope also raised various state law claims including breach of contract, defamation, and tortious interference with his contract with Indiana University Northwest ("IUN"). On December 27, 2010, two defendants, Stanley Wigle, Dean of IUN's School of Education, and

Professor Vernon Smith, answered the complaint and filed a motion to dismiss. The court entered an order granting Smith and Wigle's motion to dismiss on April 26, 2011.

In the April 26, 2011 Opinion and Order, the court first addressed Swoope's constitutional claim, arising under 42 U.S.C. §1983, for deprivation of due process in issuing a failing grade. The court explained that Swoope failed to assert that he had a property interest in a passing grade. He was not guaranteed, nor was a specific promise made, that he would pass the class and was entitled to graduate. Moreover, even if Swoope could overcome this hurdle, Smith and Wigle were immune from suit because the actions giving rise to Swoope's claim were performed when Swoope and Wigle were acting in their official capacities.

Swoope also raised several state tort law claims, including defamation and tortious interference with contract. Because Swoope did not comply with the notice requirements imposed by Ind. Code §34-13-3-8, the court dismissed his claims against Wigle and Smith arising under the ITCA.

Swoope's final claim against Wigle and Smith was for breach of contract. In the April 26, 2011 Opinion and Order, the court explained that Swoope failed to allege that a contract existed between Wigle and Smith and himself. Swoope did not identify any contractual language or specific promise that IUN breached.

The court granted the motion to dismiss and dismissed Wigle and Smith from the case.  Swoope appealed, but his appeal was denied as premature.  Swoope filed a motion to reconsider on May 10, 2011, which the court denied on July 13, 2011.  Swoope now requests leave to file an amended complaint against Wigle and Smith.

## Discussion

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading once as a matter of course within

> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a respon-
> sive pleading is required, 21 days after
> service of a responsive pleading or 21 days
> after service of a motion under Rule 12(b),
> (e), or (f), whichever is earlier.

After the 21 days has expired, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d. 222 (1962).

This Circuit has recognized that because the complaint merely serves to put the defendant on notice, it should be freely amended as the case develops, as long as amendments do not un-fairly surprise or prejudice the defendant.  *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 390 (7th Cir. 2000).  The deci-

3

sion of the court to deny leave to amend a complaint is an abuse of discretion "only if 'no reasonable person could agree with the decision.'" *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 741 (7th Cir. 2007)(*quoting* *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 925 (7th Cir. 2004)); *Ajayi v. Aramark Business Services*, 336 F.3d 520, 530 (7th Cir. 2003).

Amendments are freely allowed for electing a different remedy than the one originally requested, and a party desiring to change the demand for relief may do so under Rule 15(a). 6 Wright & Miller, *Federal Practice & Procedure* §1474, at 547 (2d ed. 1990). However, a motion to amend is more likely to be denied if it takes place at a relatively late stage in the proceedings. *Aldridge v. Forest River, Inc.,* 635 F.3d 870, 876 (7th Cir. 2011); *Winters*, 498 F.3d at 741. *See also* *James v. McCaw Cellular Communications, Inc.,* 988 F.2d 583 (5th Cir. 1993) (holding that the district court did not abuse its discretion in denying plaintiff's motion to amend where motion filed almost 15 months after the original complaint, ten months after the joinder deadline, five months after the deadline for amendments, and three weeks after the defendant filed motion for summary judgment). The plaintiff bears the burden to show some valid reason for any delay in seeking to amend the complaint. *Butts*, 387 F.3d at 921. *See also* *NL Industries, Inc. v. GHR Energy Corp.,* 940

F.2d 957 (5th Cir. 1991)(holding that the district court did not abuse its discretion in denying a motion for leave to file second amended complaint where plaintiff sought to amend its pleading two years after it first brought defendant into litigation and after defendant had requested summary judgment, and plaintiff provided no good reason for not acting sooner).

Leave to amend properly may be denied at the district court's discretion for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." **Foman,** 371 U.S. at 182, 83 S.Ct. at 230.  "The court may deny a motion to amend based, at least in part, on the fact that the motion to amend was filed after the final deadline set by the court for the filing of amendments."  61A Am.Jur.2d Pleading §779 (2007).  See **Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.**, 933 F.2d 314 (5th Cir. 1991)(finding no abuse of discretion where motion to amend filed after final deadline set by court for filing of amendments and amendment of pleadings under circumstances would provide no benefit to movants).

In addition, the court may deny leave because the amendment is futile.  **Bethany Phamacal Company, Inc. v. QVC, Inc.**, 241 F.3d 854, 861 (7th Cir. 2001).  Futility generally is measured by

whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), but if a summary judgment motion is pending, futility may be shown with reference to the entire summary judgment record. *Peoples v. Sebring Capital Corp.*, 209 F.R.D. 428, 430 (N.D. Ill. 2002).

Swoope did not amend his complaint within 21 days of serving it or within 21 days of service of the defendants' motion to dismiss. Instead, he waited until the court granted the defendants' motion to dismiss and pointed out the shortcomings of his complaint. "Under the amended version of Rule 15(a), [Swoope] does not have the right to sit back, let the Court explain the shortcomings of [his] Complaint, and then take a mulligan and amend [his] Complaint." *Park v. Indiana Univ. Sch. Of Dentistry*, 2011 U.S. Dist. LEXIS 50265, *5 (S.D. Ind. May 9, 2011). Swoope filed his complaint on October 25, 2010, and waited nearly seven months, until after the court ruled on the defendants' motion to dismiss, to request leave to amend, without showing good cause for his delay. *See Butts*, 387 F.3d at 925 (explaining that the moving party bears the burden to show some valid reason for neglect and delay in seeking to amended the complaint).

Despite the defendants and the court pointing out the shortcomings of Swoope's complaint, his proposed amended complaint fails to cure all the deficiencies. To begin, Swoope has alleged

tort claims against the defendants, but he has not indicated in his amended complaint that he submitted notice as required by the ITCA.  The ITCA mandates that a claimant provide notice of the loss he suffered to the governing body of a political subdivision within 180 days of the event.  Ind. Code §34-13-3-8.  A state educational institution is included in the definition of political subdivision.  Ind. Code §34-6-2-110(7).  The notice requirements apply not only to suits against political subdivisions but also to suits against employees of political subdivisions.  ***Alexander v. City of South Bend***, 256 F.Supp.2d 865, 875 (N.D. Ind. 2003).  Swoope did not show in his initial complaint, response to the defendants' motion to dismiss, motion to reconsider, or in his amended complaint that he complied with the ITCA's notice requirements.  His repeated failure to address this shortcoming is reason enough to deny his request to amend.  ***Foman,*** 371 U.S. at 182, 83 S.Ct. at 230 (explaining that repeated failure to cure deficiencies is a ground upon which a motion to amend may be denied).  It would be futile to allow Swoope to amend his complaint only to have it dismissed for the same shortcoming.

In his proposed amended complaint, Swoope alleges that he had an implied contract with IUN, but he did not attach any contract or identify any language from a contract or specific promise made.  In the April 26, 2011, Opinion and Order, the

court explained to Swoope that an implied contract is insufficient to give rise to a breach of contract claim against a university for failing a student. "Absent evidence of such a specific promise, the court will not participate in second-guessing the professional judgment of the University faculty on academic matters". *Bissessur v. Indiana University Board of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009) (affirming dismissal for failure to state a claim for breach of an implied contract against Indiana University).  Swoope continues to allege that there was an implied contract, but he has failed to address the court's holding that an implied agreement is insufficient to give rise to a breach of contract claim against the university. Swoope's amended complaint does not correct this shortcoming and does not point to any specific promise that he was entitled to a passing grade and degree.  Again, allowing Swoope to amend his complaint would prove futile as the same shortcoming would result in a subsequent dismissal.

Swoope also alleges that he was deprived of due process when he received a failing grade in the course practicum.  "Plaintiff must prove two elements in order to successfully advance his individual capacity claims under 42 U.S.C. §1983: (1) that the defendants were acting under color of state law; and (2) that the conduct of the defendants deprived the plaintiff of a federal

8

right."  *Boyce v. Fairman*, 24 F.Supp.2d 880, 885 (N.D. Ill. 1998) (*citing* *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)).  The Eleventh Amendment bars claims against states for monetary damages, including suits against a state employee acting in his official capacity.  *See* *Parker v. Franklin County Community School Corp.*, 2012 WL 266870, *13 (7th Cir. Jan. 31, 2012).  To overcome this, a plaintiff may sue the officials in their individual capacities.  To establish a claim against an official in his individual capacity, the plaintiff must allege that the defendant was personally involved in the deprivation of his constitutional rights.  *Boyce*, 24 F.Supp.2d at 885.  "[A]n official meets the 'personal involvement' requirement when [he] acts or fails to act 'with a deliberate or reckless disregard of plaintiff's rights or if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge or consent.'" *Boyce*, 24 F.Supp.2d at 885 (*citing* *Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997)).

Swoope's proposed amendment does not establish a constitutionally protected liberty or property interest to give rise to a claim under 42 U.S.C. §1983.  The court previously explained that Swoope cannot assert a property interest in a passing grade absent proof of a contract entitling him to a diploma or continued enrollment at the university.  *Williams v. Wendler*, 530 F.3d

584, 589 (7th Cir. 2008).  Swoope has not pointed to a contract or specific agreement that entitled him to continued enrollment at IUN or a passing grade in the practicum.  See **Bissessur**, 581 F.3d at 602 (affirming dismissal for failure to state a claim against university for breach of implied contract because there plaintiff could not point to a specific promise or terms).  Rather, he has continued to proceed on the theory of implied contract.  The court already has explained that such reliance is improper and cannot be the basis of a due process claim because it does not establish a property interest.  For this reason, Swoope has failed to state a claim under 42 U.S.C. §1983 against Wigle and Smith in his proposed amended complaint.

Swoope failed to request leave in a timely manner and did not cure the deficiencies identified in Wigle and Smith's motion to dismiss, the court's opinion and order granting the motion to dismiss, or the court's opinion and order denying Swoope's motion to reconsider.  It would be futile to permit Swoope to amend his pleading.  Swoope's proposed amended complaint could not survive a motion to dismiss.

_____

Based on the foregoing, the Verified Motion for Leave to Amend Plaintiff's Complaint [DE 26] filed by the plaintiff, Dr. David L. Swoope, Jr., on May 16, 2011, is **DENIED**.

10

ENTERED this 15th day of February, 2012

                                               s/ ANDREW P. RODOVICH
                                                  United States Magistrate Judge