IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
DR. DAVID L. SWOOPE, JR.     )
                             )
      Plaintiff,             )
                             )
   vs.                       )   Case No. 2:10-CV-423-RL
                             )
GARY COMMUNITY SCHOOL        )
CORP. et al.,                )
                             )
      Defendants,            )
```

## OPINION AND ORDER

This matter is before the Court on the: (1) Defendants' Motion to Set Aside Clerk's Entry of Default, filed by Defendants, Gary Community School Corporation, Dr. Myrtle Campbell, individually and in her official capacity, and Dr. Cordia Moore, individually and in her official capacity, on February 9, 2012 (DE #56); (2) "Plaintiff's Verified Motion for Default Judgment as to Defendant Gary Community School Corporation," filed by Plaintiff, Dr. David Swoope, on August 15, 2011 (DE #35); and (3) "Plaintiff's Verified Motion for Default Judgment as to Defendants Campbell and Moore," filed by Plaintiff, Dr. David Swoope, on August 15, 2011 (DE #37). For the reasons set forth below, the motion to set aside entry of default (DE #56) is **GRANTED** and the Clerk's entry of default as to Defendants Gary Community School Corporation, Dr. Myrtle Campbell, and Dr. Cordia Moore, are **ORDERED VACATED**. Additionally, "Plaintiff's Verified Motion for Default Judgment as to Defendant

Gary Community School Corporation" (DE #35), and "Plaintiff's Verified Motion for Default Judgment as to Defendants Campbell and Moore" (DE #37), are both **DENIED AS MOOT**. Finally, the Clerk is **ORDERED** to **VACATE** the hearing currently set for March 6, 2012.

BACKGROUND

Plaintiff filed suit against a number of defendants on October 25, 2010. On April 26, 2011, this Court granted an order dismissing the claims against Dr. Vernon G. Smith and Dr. Stanley Wiegle (DE #24). The claims against Defendants, Gary Community School Corporation ("GCSC"), Dr. Myrtle Campbell, and Dr. Cordia Moore, remained pending. All parties agree that service was perfected to Defendants, GCSC, Dr. Campbell, and Dr. Moore (DE ##15, 16, 20), but no one responded to the complaint on their behalf. The Clerk entered a default against GCSC on March 9, 2011 (DE #23), and entered default against Dr. Campbell and Dr. Moore on February 20, 2011 (DE #19). Plaintiff then moved for default judgment as to GCSC (DE #35), and Defendants Dr. Cordia Moore and Dr. Campbell (DE #37), on August 15, 2011. Following several months of Plaintiff briefing his request for default judgment, and this Court denying his request for a jury trial on damages, in an order dated January 23, 2012, this Court set the motions for default judgment for an evidentiary hearing to determine the amount of damages, and in its order, directed the Clerk to send a copy of

the order to the addresses where service was purportedly obtained on Defendants (DE #54). Seventeen days after this Court set the hearing date for the motion for default judgment, Defendants' counsel filed an appearance and a motion to set aside the entries of default (DE ##55, 56).

In the affidavit attached to the motion to set aside default, corporate counsel for GCSC attests that GCSC, Dr. Campbell, and Dr. Moore, provided her with their summons and complaint to be represented in this matter back in October 2010. (DE #57-1, Hatcher Aff. ¶ 4.) In 2010, she "requested that [her] assistant contact outside counsel so that the Defendants would be provided legal representation in this matter." (*Id.* ¶ 5.) "[O]utside counsel was never properly notified and retained in this matter, even though I thought outside counsel had been retained." (*Id.* ¶ 6.) She "did not enter [her] appearance in this current matter because [she] was under the impression that outside legal counsel had been retained." (*Id.* ¶ 7.) She did not receive any of the verified applications for default, which "would have given [her] the opportunity to be informed that outside counsel had not been retained and therefore immediately defend the case." (*Id.*, ¶¶ 8, 9.)

Defendants argue that the entries of default should be set aside because Plaintiff did not serve them with the applications for the Clerk's entry of default or the applications for default

judgment. Additionally, they argue that Defendants were not personally negligent, Plaintiff misrepresented to the Clerk that Defendants were served, and that they have a meritorious defense. (*See* DE #57.) In response, Plaintiff argues that he was not required to serve notice on Defendants of the applications for entry of default or default judgment, Defendants have not demonstrated good cause for their default, they failed to take quick action to correct the entry of default, and they do not have a meritorious defense. (*See* DE #59.)

DISCUSSION

Generally, when a movant seeks relief from entry of a default before entry of judgment, Rule 55(c) applies, but a request to set aside a default judgment is controlled by Rule 60. *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990). The standards for determining whether to vacate an entry of default under Rule 55 or a default judgment under Rule 60 are essentially the same, although the test is applied more liberally when default judgment has not yet been entered. *See Bluegrass Marine Inc. v. Galena Road Gravel, Inc.*, 211 F.R.D. 356, 357 (S.D. Ill. 2002). This circuit favors a policy of promoting a trial based on the merits, rather than default judgments. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009); *see also C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205

(7th Cir. 1984) (a "default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations.").

Under both Rule 55 and Rule 60, the moving party must demonstrate good cause for the default, quick action to correct it, and a meritorious defense. *See Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 676 (7th Cir. 1987); *Bluegrass*, 211 F.R.D. at 357. Here, the test for setting aside a default should be applied less stringently because no default judgment has been entered. *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). Nevertheless, Defendants must still show three things: (1) good cause for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense. *United States v. Indoor Cultivation Equip. From High Tech Indoor Garden Supply*, 55 F.3d 1311, 1313 (7th Cir. 1995). This "lenient" standard favors trials on the merits. *Cracco*, 559 F.3d at 631.

Defendants first contend that there is good cause for the default because Plaintiff did not give them notice of the applications for entry of default and default judgment, he merely filed the motions electronically. Federal Rule of Civil Procedure Rule 55 provides in pertinent part, that:

> If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.

5

Fed. R. Civ. P. 55(b)(2).  In this case, Defendants did not have an appearance on file when Plaintiff applied for entry of default in February 2011, or when Plaintiff moved for default judgment in August 2011, nor did they have any involvement whatsoever in the case.  In fact, attorney Coleman just recently filed an appearance on behalf of Defendants in February 2012.  Thus, it is undisputed that Defendants never personally appeared or by a representative, in this case until very recently.  Under the clear rules, Plaintiff's counsel had no legal duty to contact Defendants prior to seeking entry of default or default judgment.  However, this Court notes that it certainly would have been a courteous approach to send notice (and one that this Court encourages), and it is customary to give notice of seeking default.  *See Passarella*, 810 F.2d at 677 (criticizing defendant for not extending the "usual professional courtesy" of "informing the defendant before the entry of default judgment").  Thus, Plaintiff's counsel's failure to serve Defendants with notice of the entry of default or default judgment does not constitute good cause for the default.

However, Defendants have demonstrated good cause because this does not appear to be a case where Defendants or their attorneys purposely avoided participating in this case.  Rather, good cause for the default has been demonstrated by showing that the failure to respond to the complaint was inadvertent.  GCSC's corporate counsel asked her assistant to secure outside legal counsel to

6

handle this matter, and although that counsel was never properly retained, GCSC's counsel believed that outside counsel was retained and was handling the litigation. (Hatcher Aff. ¶¶ 5-6.) While corporate counsel surely should have followed up with the case, her mistake seems one of inadvertence, and not willful refusal to participate in litigation. "'Good cause' cannot be established where a party has exhibited willful disregard for duties, carelessness, or negligence." *SJ Properties Suites v. STJ, P.C.*, Nos. 09-C-0533, 09-C-0569, 2009 WL 4640633, at *6 (E.D. Wis. Nov. 30, 2009) (citing *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994)). "'Good cause' required by Rule 55(c) is not intended to be difficult to demonstrate and is not synonymous with the excusable neglect standard applied in other contexts." *McCarthy v. Fuller*, No. 1:08-cv-994-WTL-DML, 2009 WL 3617740, at *3 (S.D. Ind. Oct. 29, 2009). Here, there is no evidence of an intentional or willful disregard of the process, and that, coupled with the Seventh Circuit's preference for adjudication on the merits of a claim, at this stage in the proceedings, when only default has been entered, leads the Court to find that there is good cause for the default.

The second prong Defendants must demonstrate is that they took quick action to correct the entry of default. Seventeen days after this Court set the hearing date for the motion for default judgment, and ordered the Clerk to mail a copy, Defendants' counsel filed an appearance and a motion to set aside the entries of

default (DE ##55, 56).  This satisfies the promptness requirement.

Finally, Defendants must demonstrate a meritorious defense. *Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 229 (7th Cir. 1991).  The meritorious defense prong requires only that a defendant "notif[y] the plaintiff and the district court of the nature of [its] defense and provide [] the factual basis for that defense."  *Cracco*, 559 F.3d at 631. "A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones*, 39 F.3d at 165.  Defendants have set forth a meritorious defense, arguing that Plaintiff was an employee at will, and that he failed to comply with the Indiana Tort Claims Act.

In sum, the Court finds that the purpose and intent of Rule 55(c) has been satisfied, there is good cause to set aside the default, and that vacating the default against Defendants fulfills the policy of favoring a trial on the merits.

CONCLUSION

For the aforementioned reasons, Defendants' Motion to Set Aside Clerk's Entry of Default is **GRANTED** and the Clerk's entry of default as to Defendants Gary Community School Corporation, Dr.

Myrtle Campbell, and Dr. Cordia Moore, is **ORDERED VACATED**. Additionally, "Plaintiff's Verified Motion for Default Judgment as to Defendant Gary Community School Corporation" (DE #35), and "Plaintiff's Verified Motion for Default Judgment as to Defendants Campbell and Moore" (DE #37), are both **DENIED AS MOOT**. Finally, the Clerk is **ORDERED** to **VACATE** the hearing currently set for March 6, 2012.

**DATED: February 22, 2012**         /s/ RUDY LOZANO, Judge
                                     **United States District Court**