```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


DR. DAVID L. SWOOPE, JR.,       )
                                )
          Plaintiff             )
                                )
     v.                         )   CIVIL NO. 2:10 cv 423
                                )
GARY COMMUNITY SCHOOL           )
CORPORATION; DR. MYRTLE         )
CAMPBELL, DR. CORDIA MOORE, in  )
their official and individual   )
capacities,                     )
                                )
          Defendants            )
```

OPINION AND ORDER

This matter is before the court on the Motion to Quash Subpoena [DE 60] filed by the defendants, Gary Community School Corporation, Dr. Myrtle Campbell, and Dr. Cordia Moore, on February 17, 2012. For the reasons set forth below, the motion is **DENIED**.

Background

On August 15, 2011, the plaintiff, Dr. David L. Swoope, Jr., filed a motion for default judgment against each defendant. The district court entered a default on January 23, 2012, and set a hearing on March 6, 2012, to determine the amount of damages. In the Order setting the hearing, the district court granted the plaintiff leave to conduct any necessary discovery before the hearing. The plaintiff issued a subpoena on February 2, 2012,

requesting the employment records of Dr. Myrtle Campbell, Dr. Cordia Moore, and Dr. Vernon Smith, among other things. The subpoena called for production by February 17, 2012, at 10:00 A.M. The subpoenas were served directly on the defendants, as counsel for the defendants did not enter an appearance until February 9, 2012, after the subpoenas were issued. The plaintiff went to pick up the subpoenaed documents on February 17, 2012, but the defendant, Dr. Myrtle Campbell, refused to provide the information. The plaintiff's counsel then went to Corporation Counsel's office and was provided with a folder containing the Motion to Quash Subpoena, Defendants' Response to Plaintiff's First Request for Production of Documents Directed to defendant Gary Community School Corporation, a document entitled System Note Pad Personnel, and a corporation copy of the plaintiff's employment contract. The defendants filed their Motion to Quash that same day.

### Discussion

Federal Rule of Civil Procedure 45(c)(3)(A)(iii)-(iv) provides that "[o]n timely motion, the court by which a subpoena was issued must quash or modify the subpoena if it . . . requires disclosure of privileged or other protected material and no exception or waiver applies; or . . . subjects a person to undue burden." Further, "the party seeking to quash a subpoena under

Rule 45(c)(3)(A) has the burden of demonstrating that the information sought is privileged or subjects a person to an undue burden." *Hodgdon v. Northwestern University*, 245 F.R.D. 337, 341 (N.D. Ill. 2007). However, implicit in the rule is the requirement that a subpoena seeks relevant information. *See Stock v. Integrated Health Plan, Inc.*, 241 F.R.D. 618, 621—22 (S.D. Ill. 2007); *Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998) ("The reach of a subpoena issued pursuant to Fed.R.Civ.P. 45 is subject to the general relevancy standard applicable to discovery under Fed.R.Civ.P. 26(b)(1)."). Relevancy under this rule is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. Daimler—Chrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (*quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Sanyo Laser Products, Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003).[1]

---

[1] The court notes that the plaintiff included this standard verbatim from the court's previous Opinion and Orders without proper citation. *See Black's Law Dictionary* 1267 (9th ed. 2009) (Plagiarism "The deliberate and knowing presentation of another person's original ideas or creative expressions as one's own.").

The defendants' motion fails on several accounts.  To begin, Local Rule 37.1 states:

> A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action. The certification must include:
>
> (1) the date, time, and place of any conference or attempted conference; and
>
> (2) the names of the parties participating in the conference.

The defendants did not attach a certificate stating that they attempted to resolve the dispute in good faith before seeking relief from the court as required by Local Rule 37.1. The court may deny any motion for this reason.  Local Rule 37.1(b)  Nor does the record reflect that the defendants made any attempt to resolve the dispute.  The defendants do not represent that they attempted to engage in any discussion with the plaintiff concerning this matter.  Rather, the defendants provided the plaintiff with a copy of their motion to quash when the plaintiff arrived to pick up the subpoenaed documents.

Next, the defendants bear the burden of proof to establish that the information sought is privileged.  The defendants' motion includes one conclusory statement that the information sought is privileged without citing to any specific privilege.

4

Without more, the defendants have failed to meet their burden to establish that any privilege is applicable and precludes production.

The defendants also complain that the subpoena was untimely and did not provide adequate time to respond as required by Federal Rule of Civil Procedure 34.  Rule 34 states that the person served with the subpoena must respond within 30 days unless the parties stipulate to a shorter or longer time or the party is ordered by the court to respond by a different date. However, the amount of time provided either by agreement or court order must be "reasonable."  Rule 45 ("[T]he issuing court must quash or modify a subpoena that: (1) fails to allow reasonable time to comply").

Here, the district court ordered discovery to be completed before the March 6, 2012 hearing.  The plaintiff served the subpoena in a timely manner following the order permitting additional discovery and afforded the defendants 15 days to respond.  The court finds that this was a reasonable amount of time in light of the scheduled hearing date.  The defendants did not seek additional time from the court and did not seek to modify the subpoena. Instead, the defendants filed their own untimely objections.

5

Rule 45 states that an objection must be made "the earlier of the time specified for compliance or 14 days after the subpoena is served."  The plaintiff served the subpoena on February 2, 2012, rendering the objections due by February 16, 2012.  GCSC did not serve written objections to the production and inspection of documents and the other defendants served their objections on February 17, 2012.

The defendants' motion fails both procedurally and substantively.  The defendants did not comply with Rule 37 and provide a certificate explaining their attempts to resolve the dispute in good faith, nor did the defendants cite a privilege or explain why the information sought is not subject to discovery.  For these reasons, the Motion to Quash Subpoena [DE 60] filed by the defendants, Gary Community School Corporation, Dr. Myrtle Campbell, and Dr. Cordia Moore, on February 17, 2012, is **DENIED**.  The defendants are **ORDERED** to produce the subpoenaed documents within 14 days of this Order.

ENTERED this 7th day of June, 2012

s/ ANDREW P. RODOVICH
United States Magistrate Judge