```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION

DR. DAVID L. SWOOPE, JR.   )
                           )
        Plaintiff,         )
                           )
     vs.                   )   Case No. 2:10-CV-423-RL
                           )
GARY COMMUNITY SCHOOL      )
CORP. et al.,              )
                           )
        Defendants,        )
```

## OPINION AND ORDER

This matter is before the Court on the Defendants Gary Community School Corporation, Dr. Myrtle Campbell, and Dr. Cordia Moore's Motion to Dismiss, filed by Defendants, Gary Community School Corporation ("GCSC"), Dr. Myrtle Campbell, and Dr. Cordia Moore, on June 7, 2012 (DE #76). For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to Counts I and II, which are **DISMISSED WITH PREJUDICE** in favor of Defendants, GCSC, Dr. Campbell, and Dr. Moore. The Motion is **DENIED** as to Counts III-VII, which remain pending against Defendants, GCSC, Dr. Campbell, and Dr. Moore.

BACKGROUND

Plaintiff, Dr. David Swoope ("Swoope"), filed this action against several defendants. On April 26, 2011, this Court entered an opinion and order dismissing the claims against Defendants Dr.

Stanley Wigle and Dr. Vernon Smith. (*See* DE #24.) The facts of the case are largely set forth in that order, and the Court will not repeat them here.

In the instant motion, the remaining Defendants in the case, GCSC, Dr. Myrtle Campbell ("Campbell"), and Dr. Cordia Moore ("Moore"), move to dismiss all claims against them (Counts I through VII) pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c). They argue that Plaintiff has failed to allege essential elements of his claim, Plaintiff's legal theories are implausible, and Plaintiff failed to attach his "right to sue" letter, as required by law. As noted by Defendants, the instant amended complaint is long and confusing. However, the Court believes that Swoope intended to allege breach of contract (Count I), discrimination in failure to hire based on sex (Count II), discrimination based on sex (Count III), retaliation for complaining about discriminatory treatment (Count IV), retaliation and discrimination based on sex (Count V), retaliation based on sex (Count VI), and deprivation of due process in terminating him from his job (Count VII). (*See* DE #74.)

In his response, Plaintiff argues his complaint does state a claim upon which relief is allowed, that the claims are plausible, and then he lists 5 pages of paragraphs taken directly from the complaint. (DE #78, pp. 4-10.) Plaintiff really only has one page of "argument" in response to the motion to dismiss, in which he

argues that the Plaintiff did not have to attach the right to sue letter at this stage of the proceedings.  (DE #78, p. 12.)

In reply, Defendants contend that Plaintiff should have at least alleged the date that he received the right to sue letter. (DE #79, p. 1.)  Moreover, they argue the complaint is not plausible and that there is no set of facts to show that Swoope was qualified for the positions he desired.  (*Id.*, p. 2.)  Having been fully briefed, this matter is ripe for adjudication.

DISCUSSION

A party may move for a 12(c) judgment on the pleadings after the filing of both the complaint and answer.  *Brunt v. Service Employees Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002); Fed. R. Civ. P. 12(c).  The Court will grant a 12(c) motion on the pleadings "[o]nly when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved."  *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). Additionally, the Court "will view the facts in the complaint in the light most favorable to the nonmoving party."  *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).  The same standards that apply to 12(b)(6) motions also apply to 12(c) motions.  *Id.*  In that vein, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Ray v. City of Chicago*, 629 F.3d 660, 662-63 (7th Cir. 2011) ("While the federal pleading standard is quite forgiving . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Plus, *Iqbal* requires that a plaintiff plead content which allows this Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. 556 U.S. at 678.

Count I

First, Defendants argue that the claim for breach of contract (Count I) should be dismissed because Swoope did not allege that he performed his part of the contract. (DE #77, p. 2.) Plaintiff failed to respond to this argument in his response brief. "Failure to respond to an argument raised in a motion to dismiss results in waiver." *Pelham v. Albright*, No. 3:11 CV 99, 2012 WL 1600455, at *5 (N.D. Ind. May 4, 2012) (citing *Bonte v. United States Bank,*

*N.A.*, 624 F.3d 461, 466 (7th Cir. 2010)).  "Additionally, if the defendant presents plausible reasons why a complaint should be dismissed, the Court has no responsibility to conduct research on behalf of a plaintiff in order to discover whether the plaintiff could prevail against the defendant's plea for dismissal."  *Gluck v. WNIN Tri-State Public Media, Inc.*, No. 2-12-cv-32-JMS-DKL, 2012 WL 2953074, at *2 (S.D. Ind. July 18, 2012) (citing *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999)).  Here, Swoope has provided no response to the Defendants' motion to dismiss Count I for failure to plead that Swoope performed his part of the contract.

Moreover, it is well settled that "Rule 9(c) of the Federal Rules of Civil Procedure has liberalized pleading requirements with respect to conditions precedent, but the rule still requires a plaintiff alleging a breach of contract to allege that she has performed all conditions required of her."  *Patterson v. State Farm Mut. Auto. Ins. Co.*, No. 1:05-CV-1782-DFH-TAB, 2006 WL 1877002, at *3 (S.D. Ind. July 6, 2006).  The amended complaint fails to allege that Swoope performed his part of the alleged contract with Defendants.  Therefore, Count I is dismissed for failure to state a claim.

<u>Failure to Attach The Right To Sue Letter</u>

Defendants also claim that Counts II, III, IV, and V should be

dismissed because Swoope failed to allege that he received a right to sue letter from the EEOC, and he did not attach the letter. (DE #77, p. 5.)  Swoope contends this argument is premature because a plaintiff need not include allegations about administrative exhaustion or the statute of limitations in the complaint. (DE #78., p. 12.)  It is true that a plaintiff is not required to attach a right to sue letter to the complaint.  "To the contrary, courts in this district have refused to dismiss a Title VII action when the plaintiff failed to attach a right-to-sue letter." *Finley v. Illinois Dep't of Public Aid*, No. 97 C 3381, 1998 WL 26156, at *3 (N.D. Ill. Jan. 12, 1998) (citing, *inter alia*, *Ichile v. City of Chicago*, No. 95 C 3507, 1996 WL 264708, at *4 (N.D. Ill. May 16, 1996) ("Attaching a right-to-sue letter to a complaint is not required to survive a motion to dismiss.")).

However, Defendants also cite *Finley* for the following language: "[w]here the plaintiff neither alleges nor, after being given the opportunity, offers proof that a right-to-sue letter was issued, a court need not allow the case to proceed." *Finley*, 1998 WL 26156, at *3 (citing *Gibson v. Kroger Co.*, 506 F.2d 647, 652 (7th Ci. 1974)).  In his response, Swoope did not allege the date that he received the right to sue letter, and he apparently did not produce the letter either.  This Court believes a close read of *Finley* shows that a Plaintiff must *either* allege the issuance of the right to sue letter *or* offer proof the letter was issued.  This

6

jibes with *Gibson*, in which the Seventh Circuit upheld dismissal of a complaint for failure of the plaintiff to include an allegation of receipt of a right to sue notice from the EEOC. *Gibson*, 506 F.2d at 650-51. In contrast to *Gibson*, here, the amended complaint does allege that "Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC), alleging discrimination . . . . EEOC did not certify that GCSC in compliance [sic.] with the statutes and issued notice of suit rights [sic.]. Complaint was filed within 90 days of receipt of the notice of suit rights." (Am. Compl., DE #74, ¶ 2.) Because this is a motion to dismiss, the Court will accept as true the allegation that the Plaintiff received his right to sue letter and the suit was timely filed within ninety days thereafter. *See Patel v. Board of Governors of State Colleges and Universities*, No. 90 C 6528, 1992 WL 34052, at *2 (N.D. Ill. Feb. 13, 1992) (finding where Plaintiff did not attach right to sue notice to complaint, that it was sufficient to withstand a motion to dismiss to allege the necessary conditions for the court's jurisdiction in the complaint). Plaintiff's counsel is warned, however, that in the future, it would be the better practice to either attach the right to sue letter to the complaint, or at the very least, when the letter is at issue (like in this case), to provide it to the Court and opposing party.

Count II

Assuming at this stage of the proceedings that Swoope's complaint was timely filed, Defendants argue the remaining counts fail for other reasons. Defendants argue Count II should be dismissed because Swoope's allegations of failure to hire are not based upon his membership in a protected class. Plaintiff fails to respond to this argument in his response brief.  "Failure to respond to an argument raised in a motion to dismiss results in waiver."  *Pelham*, 2012 WL 1600455, at *5 (citation omitted). "Additionally, if the defendant presents plausible reasons why a complaint should be dismissed, the Court has no responsibility to conduct research on behalf of a plaintiff in order to discover whether the plaintiff could prevail against the defendant's plea for dismissal." *Gluck,* 2012 WL 2953074, at *2 (citation omitted).

Even aside from Plaintiff's waiver of his argument, his claim fails on the merits.  Section 2000e-2 provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment *because of* such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e (emphasis added).  A plaintiff must allege that:

> (1) he is a member of a protected class, (2) that he applied and was qualified for a position for which the employer was seeking applicants, (3) that despite his qualifications, he was not hired, and (4) that after his rejection, the position remained open and the employer continued to seek

applications from persons with his qualifications. *McCraven v. City of Chicago*, 18 F.Supp.2d 877, 881 (N.D. Ill. 1998) (citing *Ost v. West Suburban Travelers Limousine, Inc.*, 88 F.3d 435, 440 (7th Cir. 1996)). Swoope does allege he is an African-American male, which is a member of a protected class. (Am. Compl., DE #74, ¶ 3.) As to the second prong, he alleges that he agreed with GCSC that he would complete the necessary course work to obtain an Indiana administrative license (including completing a practicum), that he aspired to qualify as an Assistant Superintendent after he obtained his license, and that when he received his administrative license, he would qualify for various positions within the GCSC. (*Id.* ¶¶ 21, 22, 23.) Additionally, Swoope alleges "Campbell's statement that Swoope was not qualified was not true." (*Id.* ¶ 34.) Query whether these allegations are enough to satisfy the requirement that Swoope allege he was qualified for the position. Because he received a failing grade in the practicum and did not get his license, he seems inherently not qualified for an administrator position. Regardless, Swoope definitely has not satisfied the fourth prong which is that after his rejection, the position remained open and the employer continued to seek applications from persons with his qualifications. *McCraven*, 18 F.Supp.2d at 881. There is no allegation whatsoever in the amended complaint that the position Swoope wanted remained open, and GCSC sought applications from

9

other people with his qualifications. As such, Count II is dismissed for failure to state a claim.

Counts III, IV, V, and VI

Defendants argue Counts III through VI should be dismissed because they are implausible. Plaintiff responds to this argument, contending the complaint does indeed have enough information in it to be plausible. (DE #78, pp. 2-4.) Detailed factual allegations are not required, but a plaintiff's complaint may not merely state "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twomby*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" not when the plaintiff only raises a "sheer possibility that the defendant has acted unlawfully." *Id.* Of course, in evaluating a motion to dismiss, all facts in the complaint are

accepted as true. *Bonte,* 624 F.3d at 463. "Although *Twombly* and *Iqbal* require that a complaint in federal court allege facts sufficient to show that the case is plausible, they do not undermine the principle that plaintiffs in federal courts are not required to plead legal theories." *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010) (citations omitted).

Count III seems to allege a claim for reverse sexual discrimination.[1] The Court agrees with Plaintiff that Rule 12(b)(6) does not require Plaintiff to plead all the facts necessary to meet the *McDonald Douglas* burden shifting analysis at this stage in the litigation, as the prima facie case under *McDonald Douglas* "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A*, 534 U.S. 506, 510

---

[1]Defendants also argue that Count III fails to state a claim for hostile work environment. Upon a close read of the amended complaint, it seems Count III states a claim for disparate treatment based upon sex, and not necessarily a hostile work environment which requires Plaintiff to plead facts that would show the "workplace is permeated with discriminatory intimidation, ridicule, and insult . . . . sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quotations omitted). Plaintiff characterizes Count III as a claim for "sex-gender discrimination," in his response and never argues that he has a proper claim for hostile work environment (DE #78, p. 4), therefore, this Court will do the same. However, the Court notes that it agrees with Defendants that Count III does not plead sufficient facts to support a plausible hostile work environment claim - it merely alleges that the discriminatory actions "created a hostile, offensive work environment," which legal conclusion the Court is not required to accept. *See Bonte*, 624 F.3d at 465.

11

(2002). To satisfy Rule 8's pleading requirements, Plaintiff need only identify the type of discrimination he thinks occurred, by whom, and when. *Swanson*, 614 F.3d at 405. The Court believes Plaintiff has sufficiently alleged his reverse sex discrimination claim putting Defendants on notice of his claim and the grounds upon which it rests. *See Twombly*, 550 U.S. at 555; *Conley*, 355 U.S. at 47. Here, Plaintiff states he believes he was discriminated against, treated differently, and retaliated against (by threatening discharge) by Moore, Campbell, and GCSC (Am. Compl. ¶¶ 50, 69, 75, 77), when female employees were allowed to complete their practicum using sick leave or personal leave, without getting authorization from Moore's office, and he was not (Am. Compl. ¶¶ 54, 58, 60, 61). Construing these detailed allegations as true, the sex discrimination claim is plausible on its face, and the motion to dismiss is denied with respect to the sex discrimination claim (Count III). *Iqbal*, 556 U.S. at 678.[2]

Count IV seems to allege sexual discrimination and retaliating against Swoope for having complained about the discriminatory treatment he received from Campbell and Moore. As with Count III, there are enough detailed allegations for the claim to be considered plausible. For example, Plaintiff alleges Campbell and Moore denied his requests to use vacation time and personal leave

---

[2] Of course, this decision at this stage of the proceeding does not preclude Defendants' ability to attack Plaintiff's prima facie case at the summary judgment stage.

days to complete the practicum, but that the female interns were allowed to do this to complete their practicums. (Am. Compl. ¶¶ 58, 60, 62, 64, 87, 91-95.) He alleges they acted together to discriminate against Swoope based on gender to prevent Swoope from obtaining his Indiana administrative license, and then when he complained about the discriminatory treatment he received from Campbell and Moore, they prevented him from graduating from the program which deprived Swoope of future employment opportunities. (Am. Compl. ¶¶ 87, 96, 98, 100.) This is sufficiently plausible at this stage, and the motion to dismiss is denied as to Count IV.

Count V seems to be a claim for retaliation against sex discrimination against GCSC (again, as noted in footnote 1 of this opinion, Plaintiff characterizes his claim as sex/gender discrimination, does not argue in his response that he has a claim for hostile work environment, and indeed, has not plead the necessary facts for a hostile work environment claim). Here, Plaintiff alleges that he was harassed by GCSC, it refused to let him complete his practicum, and it retaliated against him for having complained about the disparate treatment by affecting the terms and conditions of Swoope's employment. (Am. Compl. ¶ 103, 107, 110.) The Court believes Plaintiff has sufficiently alleged his retaliation of sexual discrimination, putting Defendants on notice of his claim and the grounds upon which it rests. *See Twombly*, 550 U.S. at 555; *Conley*, 355 U.S. at 47.

Defendants argue Count VI wholly fails to state a claim; but provide no real legal argument or citation in support. As with Plaintiff, the Court will not do Defendants' research for them, or provide them with reasons for dismissal. It is not the Court's obligation to do research or make arguments for Defendants. *United States v. Smith*, 26 F.3d 739, 743 (7th Cir. 1994) (courts need not research and construct legal arguments for parties). As such, the motion to dismiss Count VI is denied.

Count VII

Lastly, Defendants argue that Count VII should be dismissed because Swoope was an employee at will, without a property interest in his job that would require that he be given due process. Once again, Plaintiff fails to respond, and has waived any argument. However, Defendants still need to "present[] plausible reasons why a complaint should be dismissed . . . ." *Gluck,* 2012 WL 2953074, at *2 (citation omitted). Here, Defendants only cite to the case *Campbell v. City of Champaign*, 940 F.2d 1111 (7th Cir. 1991). *Campbell* is a summary judgment case (not a motion to dismiss). Moreover, in *Campbell*, the plaintiff was hired by the City of Champaign pursuant to an ordinance which provides she was to "serve at the pleasure of the City Manager," and was thus an at-will employee. Under those facts, the Seventh Circuit held as an at-will employee, she had no right to be terminated for cause. *Id.* at

14

1112-1113.  Additionally, the Court stated in dicta that:

> Even if the plaintiff had a good claim for breach of contract against the City, it would not follow that she had a constitutional claim for a deprivation of property. Not every contract right is property . . . To bring the case within the orbit of the property concept there must be a substantive entitlement.  When the claimed deprivation of property is the loss of a job, the entitlement must be to a job, rather than just to a set of disciplinary procedures.

*Id.* at 1113.

In this case, Swoope seems to allege that he was entitled to a job, not just to a right to certain procedures.  He alleges that he had an administrative contract from July 1, 2006 to June 30, 2007, which "continued in force without interruption after it expired." (Am. Compl. ¶ 124.)  "Since June 30 2007 through August 2009, the GCSC Board of School Trustees ("Board") had a policy whereby it voted, each year, to retain non-statutory administrators under their previous contracts." (*Id.* ¶ 123.)  Swoope alleges that "[t]he policy of continuing the employment of Swoope and other non-statutory administrators without a new written contract each year created a constitutional property and liberty interest in his position and a reasonable expectation of continued employment." (*Id.* ¶ 125.)  Thus, Swoope has plead that he had a property right in his job, and that GCSC "breached [his] contract prior to its expiration by changing the terms and conditions of the contract that made Swoope a daily at will employee without notice." (*Id.* ¶

15

135.)  At this stage of the proceedings, this is sufficient. Whether Swoope truly had a property interest in his job, or whether he was in fact an employee at will, is a question that may be more suited to summary judgment.

CONCLUSION

For the reasons set forth above, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.  The motion is **GRANTED** as to Counts I and II, which are **DISMISSED WITH PREJUDICE** in favor of Defendants, GCSC, Dr. Campbell, and Dr. Moore.  The Motion is **DENIED** as to Counts III-VII, which remain pending against Defendants, GCSC, Dr. Campbell, and Dr. Moore.


**DATED: August 28, 2012**             /s/ RUDY LOZANO, Judge
                                        **United States District Court**