# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

DR. DAVID L. SWOOPE, JR.    )
                            )
    Plaintiff,              )
                            )
  vs.                       )    Case No. 2:10-CV-423-RL
                            )
GARY COMMUNITY SCHOOL       )
CORP. *et al.*,             )
                            )
    Defendants,             )

## OPINION AND ORDER

This matter is before the Court on the Motion to Alter or Amend Judgment, filed by Plaintiff, Dr. David L. Swoope, Jr., on September 24, 2012 (DE #86). For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

On June 7, 2012, Defendants, Gary Community School Corporation, Dr. Myrtle Campbell, and Dr. Cordia Moore, filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c). (DE #76.) Plaintiff filed a response on June 12, 2012 (DE #78), and Defendants filed a reply on June 20, 2012 (DE #79). Thus, the motion was fully briefed and ready for adjudication. Approximately two months later, on August 28, 2012, this Court issued a thorough opinion and order, granting the motion to dismiss in part, and dismissing Counts I and II with prejudice,

and denying the motion to dismiss as to Counts III-VII, which remained pending. (DE #82.)

Plaintiff then filed the instant motion to alter or amend judgment on September 24, 2012 (DE #86). This motion has been fully briefed and is ripe for adjudication.

DISCUSSION

The limited purpose of a Rule 59(e) motion is to bring to the court's attention "a manifest error of law or fact, or newly discovered evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)); *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982). A motion for reconsideration performs a valuable function where:

> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

2

It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon,* 223 F.3d at 529 (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). It is not intended as an opportunity to reargue the merits of a case. *See Neal v. Newspaper Holdings, Inc.* 349 F.3d 363, 368 (7th Cir. 2003) (affirming district court's decision to deny appellants' Rule 59(e) motion to alter or amend judgment where plaintiff simply reargued the merits of his case); *see also Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) ("A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind.").

Motions to reconsider "cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the [motion]." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). In other words, the parties cannot introduce evidence previously available, but not used in the prior proceeding. *See Roche Diagnostics Corp. v. Bayer Corp.*, 247 F. Supp. 2d 1065, 1068 (S.D. Ind. 2003). Motions for reconsideration are also not vehicles for "rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."

*Caisse*, 90 F.3d at 1270 (citations omitted). Moreover, the moving party must "clearly establish" a manifest error of law or an intervening change in the controlling law or present newly discovered evidence to succeed under Rule 59(e). *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001).

Swoope's motion to Alter or Amend Judgment largely consists of arguments that Swoope could have (and should have) made in his response to the original motion to dismiss. Moreover, Swoope has not brought to the Court's attention a manifest error of fact or law; nor has he presented any newly discovered evidence. *See United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010) (a motion to alter or amend "may be used to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence.").

First, Swoope argues that the Court should not have ruled upon the Defendants' motion to dismiss because the pleadings were not "closed" as required by Rule 12(c).[1] It is true that these Defendants did not file an answer to the amended complaint until September 7, 2012 (DE #83), a few days after this Court issued its ruling on the motion to dismiss on August 28, 2012. However, this is not an error of fact or law. Defendants specifically brought their motion to dismiss pursuant to both Rule 12(c) and Rule

---

[1] The Court notes this is the one argument set forth in the present motion that Plaintiff raised in opposition to the motion to dismiss. (*See* DE #78, pp. 10-11.)

4

12(b)(6). (DE #76, p. 1.) And although this Court did discuss the standard for Rule 12(c) in the background section of its order, it also discussed the standards for a 12(b)(6) motion. (DE #82, pp. 3-4.) Moreover, with respect to Count I and Count II, the Court specifically ruled that "Count I is dismissed for failure to state a claim" and "Count II is dismissed for failure to state a claim." (DE #82, pp. 5, 10.) "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citation omitted). That has not occurred here.

Next, Swoope seems to contend (although it is difficult to decipher his argument), that this Court should not have granted the motion to dismiss Count I, for breach of contract, because "no breach of contract alleged or intended in Count I." (DE #86, p. 4.) Defendants very clearly argued in their motion to dismiss that Count I should be dismissed because Swoope did not allege all of the elements of breach of contract. (DE #77, pp. 2-3.) Nowhere in Plaintiff's response does he argue that he did not intend for Count I to allege breach of contract, nor did he attempt to show it alleged another cause of action. (DE #78.) As such, this argument is waived. *See LB Credit Corp. v. Resolution Trust Co.*, 49 F.3d 1263, 1267 (7th Cir. 1995)(affirming denial of Rule 59(e) motion

5

that had first presented argument after district court had ruled against appellant on the merits; new argument had been waived).

Similarly, Plaintiff now argues that the Court erred in dismissing Count II because "Count II of the First Amended Complaint did not allege a 'failure to hire' claim." (DE #86, p. 7.) Again, Defendants very clearly argued in their motion to dismiss that the claim failed because Swoope's allegations of failure to hire were not based upon his membership in a protected class. (DE #77, p. 3.) Nowhere in Plaintiff's response does he argue that he did not intend for Count II to allege a failure to hire claim, nor did he attempt to show it alleged another cause of action. (DE #78.) As such, this argument is waived. A motion pursuant to Rule 59(e) cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985); *see also Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.").

CONCLUSION

For the aforementioned reasons, the Motion to Alter or Amend Judgment, filed by Plaintiff, David L. Swoope, Jr., on September 24, 2012 (DE #86), is **DENIED**.

**DATED: December 10, 2012**              /s/ RUDY LOZANO, Judge
                                          **United States District Court**