```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION
```

DR. DAVID L. SWOOPE, JR.,           )
                                    )
          Plaintiff                 )
                                    )
     v.                             )   CIVIL NO. 2:10 cv 423
                                    )
GARY COMMUNITY SCHOOL               )
CORPORATION; DR. MYRTLE             )
CAMPBELL, DR. CORDIA MOORE, in      )
their official and individual       )
capacities,                         )
                                    )
          Defendants                )

## OPINION AND ORDER

This matter is before the court on the Motion to Strike Plaintiff's Second Amended Complaint [DE 93] filed by the defendants, Gary Community School Corporation, Dr. Myrtle Campbell, and Dr. Cordia Moore, on October 24, 2012. For the reasons set forth below, the motion is **GRANTED**.

### Background

The plaintiff, Dr. David L. Swoope, Jr., filed his complaint on October 25, 2010, alleging various federal claims including gender discrimination, retaliation, harassment, hostile work environment, and deprivation of due process. Swoope also raised various state law claims including breach of contract, defamation, and tortious interference with his contract with Indiana University Northwest ("IUN"). The defendants timely filed an

answer.  On March 24, 2012, Swoope moved to amend his complaint and was granted leave to amend.  He filed his amended complaint on May 17, 2012, and the defendants moved to dismiss Swoope's amended complaint for failure to state a claim.  On August 28, 2012, the court granted the motion to dismiss in part and denied it in part.  The defendants proceeded to file an answer to Swoope's amended complaint on September 7, 2012.  On September 24, 2012, Swoope filed a motion to reconsider the court's ruling on the motion to dismiss and an amended complaint.  The defendants now move to strike Swoope's second amended complaint for failure to obtain leave of court.

## Discussion

Motions to strike generally are disfavored, but may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. ***Heller Financial, Inc. v. Midwhey Powder Co., Inc.***, 883 F.2d 1286, 1294 (7th Cir. 1989); ***Doe v. Brimfield Grade School***, 552 F.Supp.2d 816, 825 (C.D. Ill. 2008). The decision whether to strike material is within the discretion of the court. ***Talbot v. Robert Matthews Distrib. Co.***, 961 F.2d 654, 665 (7th Cir. 1992). An amended pleading may be stricken for failure to comply with the Federal Rules of Civil Procedure, specifically Rule 15(a). See ***Videojet Systems Intern.,***

***Inc. v. Inkjet, Inc.***, 1997 WL 124259, *6—7 (N.D. Ill. March 17, 1997). Rule 15(a)(1) states:

> A party may amend its pleading once as a matter of course within:
>
> > (A) 21 days after serving it, or
> >
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

In all other cases, the party must obtain the opposing party's written consent or seek leave of court. Rule 15(a)(2). For purposes of the rule, a motion to dismiss does not constitute a responsive pleading. ***Foster v. DeLuca***, 545 F.3d 582, 583—84 (7th Cir. 2008).

The plaintiff may amend his pleading at any time after a motion to dismiss is filed, as a matter of right, provided it precedes the answer. *See* ***Foster***, 545 F.3d at 584. However, a plaintiff uses up that right when he first amends his complaint. *See* ***Perkins v. Silverstein***, 939 F.2d 463, 471 (7th Cir. 1991); ***Rodgers v. Lincoln Towing Service, Inc.***, 771 F.2d 194, 203 (7th Cir. 1985). A complaint may be amended only once as a matter of course, regardless of whether the original amendments are technical or substantive. ***Rodgers***, 771 F.2d at 203. Any further amendments require leave of court. ***Perkins***, 939 F.2d at 471.

3

Leave to amend a pleading is "freely given when justice so requires." Rule 15(a). Permission to amend should be granted absent any evidence of bad faith, dilatory motive, undue delay, or unfair prejudice to the opposing party. ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The defendants have moved to strike Swoope's amended complaint for failure to comply with Rule 15(a). Swoope contends that he was entitled to file his second amended complaint as a matter of course because he filed it within 21 days of receiving the defendants' answer. However, Swoope previously filed an amended complaint on May 17, 2012, and Rule 15(a) only permits the plaintiff to file one amended complaint as a matter of right. Any subsequent amendments must be made by leave of court or with the defendants' consent.

Swoope has not filed the requisite motion for leave to amend his complaint, nor did he request leave in his response to the defendants' motion to strike. For this reason, the court **GRANTS** the defendants' motion to strike and **STRIKES** Swoope's second amended complaint [DE 87]. If Swoope desires to amend his complaint, he must file the proper motion and supporting memorandum, which would afford the defendants the opportunity to oppose the proposed amended complaint.

4

ENTERED this 14th day of January, 2013

                                                s/ ANDREW P. RODOVICH
                                                   United States Magistrate Judge