UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DR. DAVID L. SWOOPE, JR., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CIVIL NO. 2:10 cv 423 |
| | ) |
| GARY COMMUNITY SCHOOL | ) |
| CORPORATION; DR. MYRTLE | ) |
| CAMPBELL, DR. CORDIA MOORE, in | ) |
| their official and individual | ) |
| capacities, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

This matter is before the court on the Verified Motion to File Second Amended Complaint [DE 100] filed by the plaintiff, David L. Swoope, Jr., on February 1, 2013. For the following reasons, the motion is **GRANTED**.

Background

The plaintiff, Dr. David L. Swoope, Jr., filed his complaint on October 25, 2010, alleging various federal claims including gender discrimination, retaliation, harassment, hostile work environment, and deprivation of due process. Swoope also raised various state law claims including breach of contract, defamation, and tortious interference with his contract with Indiana University Northwest. The defendants timely filed an answer. On March 24, 2012, Swoope moved to amend his complaint and was granted leave to amend. He filed his amended complaint on May 17, 2012, and the defendants moved to dismiss Swoope's amended complaint for failure

1

to state a claim. On August 28, 2012, the court granted the motion to dismiss in part and denied it in part. The defendants proceeded to file an answer to Swoope's amended complaint on September 7, 2012. On September 24, 2012, Swoope filed a motion to reconsider the court's ruling on the motion to dismiss along with an amended complaint. The defendants moved to strike Swoope's second amended complaint because he did not seek leave of court. The court granted the defendant's motion to strike on January 14, 2013. Swoope now moves for leave to file a second amended complaint.

Discussion

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d. 222 (1962). Because the complaint merely serves to put the defendant on notice, it should be freely amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant. *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 390 (7th Cir. 2000). The decision of the court to deny leave to amend a complaint is reviewed for abuse of discretion. *Aldridge v. Forest River, Inc.,* 635 F.3d 870, 875 (7th Cir. 2011)*; Ajayi v. Aramark Business Services*, 336 F.3d 520, 530 (7th Cir. 2003).

Leave to amend may be denied at the district court's discretion for untimeliness and is more likely to be denied if it takes place at a relatively late stage in the proceedings. *Aldridge,* 635 F.3d at 876; *Winters v. Fru-Con Inc.*, 498 F.3d 734, 741 (2007); *See also James v. McCaw Cellular Communications, Inc.,* 988 F.2d 583 (5th Cir. 1993) (holding that the district court did not abuse its discretion in denying plaintiff's motion to amend where motion filed almost fifteen

months after original complaint, ten months after joinder deadline, five months after deadline for amendments, and three weeks after defendant filed motion for summary judgment). The district court may deny leave to amend for untimeliness when there was "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). The moving party bears the burden to show some valid reason for neglect and delay in seeking to amended the complaint. *See J.P. Morgan Chase Bank v. Drywall Service & Supply Co.,* 265 F.R.D. 341, 352 (N.D. IND. 2010). *See also NL Industries, Inc. v. GHR Energy Corp.,* 940 F.2d 957 (5th Cir. 1991)(holding that court did not abuse its discretion in denying motion for leave to file second amended complaint where plaintiff sought to amend its pleading two years after it first brought defendant into litigation and after defendant had requested summary judgment, but plaintiff provided no good reason for not acting sooner). The denial of a motion to amend pleadings is proper if the discovery and dispositive deadlines have passed, and the motion is filed near the trial date.

  The defendants oppose Swoope's motion to amend, arguing that they will suffer undue prejudice as a result. The defendants' sole explanation is that discovery was set to close on February 28, 2013 and that they were in the process of preparing a motion for summary judgment. Although seemingly implied, the defendants did not argue that the proposed amended complaint would make additional discovery necessary. In any case, the discovery deadline was extended through August 30, 2013. Because the discovery deadline has been extended for a period of six months, the defendants will have time to conduct any additional discovery that may

be necessary.  The court should freely allow amendments so long as they do not prejudice the defendants, and here the defendants sole argument for prejudice has been remedied.  For this reason, the court **GRANTS** Swoope's motion to amend.  Swoope is **DIRECTED** to file his amended complaint as a separate docket entry within ten days.

ENTERED this 1st day of April, 2013.

/s/ Andrew P. Rodovich

United States Magistrate Judge