IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DR. DAVID L. SWOOPE, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) CASE NO. 2:10-CV-423 |
| | ) |
| GARY COMMUNITY SCHOOL CORP., | ) |
| DR. MYRTLE CAMPBELL, DR. VERNON | ) |
| G. SMITH, DR. CORDIA MOORE, and | ) |
| DR. STANLEY WIGLE, IN THEIR | ) |
| OFFICIAL AND INDIVIDUAL | ) |
| CAPACITY | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on the Motion for Order Compelling Discovery Response to Plaintiff's Second Request for Production of Documents [DE 109] filed on July 23, 2013; the Motion to Quash Subpoena and Motion for Protective Order [DE 114] filed by the defendant, Gary Community School Corporation, on July 30, 2013; the Motion to Pay Plaintiff's Expenses [DE 116] filed on August 8, 2013; the Second Motion for Order Compelling Discovery Response to Plaintiff's Second Request for Production of Documents [DE 118] filed on August 17, 2013; and the Second Verified Motion for Order to Pay Plaintiff's Expenses [DE 119] filed on August 26, 2013; and the Verified Motion for Second Extension of Fact Discovery [DE 120] filed by Swoope on August 27, 2013.

For the following reasons, the Motion for Order Compelling Discovery Response to Plaintiff's Second Request for Production of Documents [DE 109] is **DENIED AS MOOT**; the Motion to Quash Subpoena and Motion for Protective Order [DE 114] is **GRANTED IN PART**

1

**AND DENIED IN PART**; the Motion to Pay Plaintiff's Expenses [DE 116] is **DENIED**; the Second Motion for Order Compelling Discovery Response to Plaintiff's Second Request for Production of Documents [DE 118] is **GRANTED;** and the Second Verified Motion for Order to Pay Plaintiff's Expenses [DE 119] is **GRANTED**; and the Verified Motion for Second extension of Fact Discovery [DE 120] is **DENIED WITHOUT PREJUDICE**.

*Background*

The plaintiff, Dr. David L. Swoope, Jr., filed his complaint on October 25, 2010, alleging various federal claims including gender discrimination, retaliation, harassment, hostile work environment, and deprivation of due process. Swoope also raised various state law claims including breach of contract, defamation, and tortious interference with his contract with Indiana University Northwest ("IUN"). Discovery commenced, and Swoope served a second request for production of documents on the Gary School District. The Gary School District delayed responding, and when it did produce the documents, Swoope found the responses to be incomplete. The parties conferred, but unsatisfied with the response, Swoope filed his first motion to compel. Gary School District responded that it supplemented its answers and complied with Swoope's demands. Swoope did not file a reply, but instead, filed a second motion to compel on August 17, 2013, asking the court to compel production of additional documents requested in the same discovery request. Swoope also asked the court to compel Gary School District to pay the fees and costs incurred in filing its motions to compel.

Swoope wanted to take the depositions of five individuals, three were employed by Gary School District and two of whom previously were employed by Gary School District. The parties struggled to find a mutually agreeable date. Defense counsel originally proposed dates in

2

February, but Swoope's attorney was not prepared at that time. The discovery deadline was extended, and Swoope's counsel asked for defense counsel's availability in July. Defense counsel instructed Swoope's attorney to contact her secretary to find a date. Instead, as the discovery deadline was nearing, Swoope's counsel subpoenaed the five individuals and served defense counsel with a notice that the depositions would be conducted within ten days. Defense counsel informed Swoope's attorney that she was unavailable on the date the depositions were scheduled. Swoope's counsel proceeded with two of the depositions although defense counsel was not present. Swoope filed three notices to enforce the depositions of the individuals who did not attend the depositions as subpoenaed. Gary School District moved to quash the subpoenas and for a protective order to stop Swoope from using the depositions he took outside of its counsel's presence and to prohibit Swoope from contacting its employees directly.

Because of the ongoing discovery disputes, Swoope also had asked the court to extend discovery. In his motion, he also has included an additional request to compel Swoope to produce the outstanding documents.

*Discussion*

Swoope filed a motion to compel a response to his second request for production of documents. Gary School District responded that it complied, and Swoope did not file a reply. Instead, months later he filed a second motion to compel the Gary School District to produce the documents requested in his second request for production that were not previously produced. For this reason, Swoope's first motion to compel [DE 109] is **DENIED AS MOOT**.

Gary School District did not respond to Swoope's second motion to compel and has not

3

shown why the requested information is not subject to discovery.  *See Gregg v. Local 305 Ibew*, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(explaining that the burden "rests upon the objecting party to show why a particular discovery request is improper." ) (citing *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); *McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009)(internal citations omitted); *Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services*, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)(internal citations omitted).   (opposing party bears the burden).  For this reason, the court **GRANTS** Swoope's second motion to compel [DE 118].  Gary School District is **ORDERED** to produce documents related to Request Nos. 1-2, 4-6, 8-13.

Swoope requests attorneys fees in connection with his motion to compel.   Again, Gary School District has not filed a response in opposition and has not justified its failure to produce the requested documents.  For this reason, the court **GRANTS** Swoope's motion [DE 119].  Swoope is **DIRECTED** to file an affidavit setting forth the fees incurred in filing his second motion to compel.  Because this is Swoope's second motion for fees and the first one was related to the motion to compel which ultimately was denied as moot, the court **DENIES** Swoope's first motion for attorney's fees [DE 116].

Swoope filed three documents labeled as an application for an order to show cause why the subpoenas he issued to depose three individuals should not be enforced.  Gary School District responded by filing a motion to quash the subpoenas and for a protective order.  Federal Rule of Civil Procedure 45(c)(3)(A)(I) provides that "the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply . . . (iv) subjects a person to undue

4

burden." Northern District of Indiana Local Rule 30-1 provides guidance on scheduling depositions and states:

> (a) Avoiding Conflicts. Attorneys must try in good faith to schedule depositions to avoid calendar conflicts.
>
> (b) Notice. Attorneys must schedule depositions with at least 14 days' notice, unless opposing counsel agrees to shorter notice or the court orders otherwise.

The parties dispute whether Swoope acted in good faith to schedule the depositions and point to a plethora of e-mails exchanged between the parties. Regardless of his efforts, Swoope's attorney only provided ten days notice, rather than fourteen days as required under Local Rule 30-1. Although he had criticized defense counsel for waiting a few days to object to the date provided in the notices, it was his own conduct that did not comply with the time limits imposed by the rules. Moreover, Swoope's attorney has not given any reason why the depositions could not have been rescheduled for August when both parties were available and would be conducting other depositions.

The court does not believe that either party is blameless. For example, defense counsel attempted to schedule the depositions in February, before the expiration of the prior discovery deadline, but Swoope's counsel was not prepared. Swoope's counsel also has stated that it would have been futile to have called defense counsel's secretary to try to arrange the depositions, but his justification is not clear. Defense counsel's secretary likely would have had access to defense counsel's calendar, and arrangements could have been made. However, Swoope's counsel chose not to pursue this option. Regardless of fault, absent a valid reason why the depositions could not have been rescheduled when both parties were available, the court does not believe that Swoope's attorney acted in good faith in attempting to schedule the depositions

5

at the mutually convenient time. For this reason, the court **GRANTS** Gary School District's motion to quash the subpoenas issued to Judy Dunlap, Willie Cook, and Sarita Stevens.

In August, Swoope took the depositions of two individuals to whom he provided notice despite defense counsel's objection due to her unavailability. Gary School District now moves for a protective order to bar the use of the depositions of Ava Ligon and Barbara Leek and to prevent Swoope from contacting employees, current and former board members, and representatives of Gary School District directly.

For the same reasons the court granted Gary School District's motion to quash, the court agrees that Swoope should be barred from using Ligon and Leek's depositions. Swoope did not provide adequate notice as required by the local rules and has not shown why the depositions could not have been rescheduled for the dates the parties later agreed to. His decision to proceed unilaterally with the depositions may prove prejudicial to Gary School District.

Turning to Gary School District's request for a protective order to ban Swoope from contacting both its current and former employees and board members, a party may move for a protective order in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." **Federal Rule of Civil Procedure 26(c)(1).** The party requesting the protective order carries the burden of demonstrating good cause; the moving party can satisfy that burden by showing some plainly adequate reason for the order. **8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2035 (3d ed.1998).** *See also* ***Gregg v. Local 305 Ibew***, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009) ("The burden rests upon the objecting party to show why a particular discovery request is improper." (citing ***Kodish v. Oakbrook Terrace Fire Protection Dist.***, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006));

*McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009); *Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services*, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)). Specific factual demonstrations are required to establish that a particular discovery request is improper and that good cause exists for issuing the order. *See Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind 2003) ("To establish good cause a party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'") (quoting *Wilson v. Olathe Bank*, 184 F.R.D. 395, 397 (D. Kan. 1999) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981))). *See also Harrisonville Telephone Co. v. Ill. Commerce Comm'n*, 472 F.Supp.2d 1071, 1078 (S.D. Ill. 2006) (stating that in order to establish good cause, the movant must rely on particular and specific demonstrations of fact, rather than conclusory statements).

The Model Code of Professional Responsibility prohibits contact between an attorney and an opposing party without consent of opposing counsel. Model Code of Professional Responsibility DR 7-104. However, not all employees are exempt from ex parte communications. Generally, the rule protects employees who can bind the company or subject them to civil or criminal liability. *See Orlowski v. Dominick's Finder Foods, Inc*., 937 F.Supp. 723, 728 (N.D. Ill. 1996); *Brown v. St. Joseph County*, 148 F.R.D. 246, 253 (N.D. Ind. 1993) (explaining that there is not a blanket ban on ex parte communications with employees, but that such communications are prohibited with employees who can bind the company). Employees who have since parted with the company, therefore, are exempt from this prohibition. *See E.E.O.C. v. Dana Corp*., 202 F.Supp.2d 827, 830 (N.D. Ind. 2002).

Swoope has stated that two of the witnesses for whom Gary School District seeks a

protective order are no longer employees.  For this reason, the court sees no reason why it should enter a protective order directing Swoope to refrain from communicating with the individuals who no longer are employed by Gary School District.  Although three of the individuals remain employed by Gary School District, neither party has made it clear which individuals remain employees of Gary School District and in what capacity they were employed.  Because Gary School District carries the burden to show that the protective order is warranted and because there cannot be a blanket ban against Swoope contacting employees, Gary School District's failure to show that the specific employees that Swoope made ex parte communications with should not have been contacted is fatal to its motion.  Gary School District has not satisfied its burden and its motion for protective order is **DENIED.**

Swoope has asked the court to extend the fact discovery deadline.  Swoope sets forth the myriad of discovery disputes that have plagued this case throughout.  However, he does not state the amount of time he seeks, that he made any efforts to obtain Gary School District's consent, or that Gary School District agrees or objects to the request, as required by Northern District of Indiana Local Rule 6-1.  Moreover, he also has moved the court, for a third time, to compel the production of certain documents.  Local Rule 7-1 explains that motions must be filed separately. For these reasons, Swoope's motion for extension of time [DE 120] is **DENIED WITHOUT PREJUDICE.**

Based on the foregoing reasons, the Motion for Order Compelling Discovery Response to Plaintiff's Second Request for Production of Documents [DE 109]  is **DENIED AS MOOT**; the Motion to Quash Subpoena and Motion for Protective Order [DE 114] is **GRANTED IN PART AND DENIED IN PART**; the Motion to Pay Plaintiff's Expenses [DE 116] is **DENIED**; the

Second Motion for Order Compelling Discovery Response to Plaintiff's Second Request for Production of Documents [DE 118] is **GRANTED;** and the Second Verified Motion for Order to Pay Plaintiff's Expenses [DE 119] is **GRANTED**; and the Verified Motion for Second extension of Fact Discovery [DE 120] is **DENIED WITHOUT PREJUDICE**.

ENTERED this 4th day of December, 2013

/s/ Andrew P. Rodovich
United States Magistrate Judge