UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DR. DAVID L. SWOOPE JR., | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) Cause No. 2:10-cv-423 |
| GARY COMMUNITY SCHOOL | ) |
| CORPORATION, DR. MYRTLE | ) |
| CAMPBELL, DR. CORDIA MOORE, | ) |
| | ) |
| Defendants. | ) |

## **OPINION**

David L. Swoope, Jr. brought this action against his former employer, Gary Community School Corporation, and two of its officials, Myrtle Campbell and Cordia Moore. After serving three years on the job, Swoope was terminated from his position as an assistant principal with Gary Community School Corporation. Swoope alleged that the defendants prevented him from completing a licensing program at Indiana University Northwest because he is male. Swoope also claimed that the Gary Community School Corporation terminated him because he complained about gender discrimination. Finally, Swoope claimed that he was denied due process of law when he was terminated. At the close of Swoope's case in chief, the defendants moved under Federal Rule of Civil Procedure 50(a) for judgment as a matter of law. I granted the motion with respect to Swoope's section 1983 equal protection claims against Gary Community School Corporation and his section 1983 due process claims against all defendants. This opinion sets out my reasons for doing so.

## DISCUSSION

Federal Rule of Civil Procedure 50(a) authorizes me to enter judgment as a matter of law in favor of the defendants if I find that "a reasonable jury would not have a legally sufficient evidentiary basis to find for" Swoope on an issue.

*Section 1983 Equal Protection/Disparate Treatment Claims*

Swoope brought disparate treatment claims against Campbell and Moore in their individual capacities and Gary Community School Corporation under section 1983. There is no *respondeat superior* liability against municipalities (including municipal school corporations) for the unconstitutional acts of employees under section 1983. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."). As a result, the school corporation could not be held liable, unless Swoope showed by a preponderance of the evidence that the school corporation had "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Teesdale v. City of Chicago*, 690 F.3d 829, 834 (7th Cir. 2012) (internal quotation marks and citation omitted).

Swoope presented no evidence during his case in chief that the school corporation had an express policy or a widespread practice that led to the purported violations of his equal protection rights. In addition, Swoope presented no evidence that

defendant Campbell or Moore had "final policymaking authority" with respect to his completion of the licensing program or with respect to his termination. By contrast, testimony presented during his case in chief suggested that the final policymaker with respect to these actions was the school board of trustees, which set policy regarding the use of vacation and sick time (for any purpose, including to pursue licensing) and ultimately decided which employment contracts would be renewed. For this reason, there was insufficient evidence upon which a reasonable jury could have found the Gary Community School Corporation liable under section 1983 for disparate treatment on the basis of gender, and the school corporation was entitled to judgment as a matter of law.

### *Section 1983 Due Process Claims*

Swoope brought due process claims against defendants Campbell and Moore in their individual capacities and against Gary Community School Corporation under section 1983. Defendants argued they were entitled to judgment as a matter of law on these claims because the evidence showed that Swoope was given notice and requested and a full and fair hearing and because Swoope presented no evidence that the hearing was unfair. I agree, but I have a more fundamental problem with Swoope's due process claim: that Swoope presented no evidence of a property interest that was protected under the Fourteenth Amendment. The Due Process Clause prohibits deprivations of certain property without due process of law, but not all property interests are protected. Protected property interests arise from "an independent source such as a state law

securing certain benefits or a clearly implied promise of continued employment." *Munson v. Friske*, 754 F.2d 683, 692 (7th Cir. 1985) (internal citations omitted); *see also Phelan v. City of Chicago*, 347 F.3d 679, 681 (7th Cir. 2003). In 2009, Indiana state law gave school administrators the right to continued employment only when they were not notified of non-renewal by February 1st. *See* Ind. Code §§ 20-28-8-3 (2008). Swoope was notified on January 28, 2009 that his contract would not be renewed, and so state law did not entitle him to continue working for the school corporation beyond the term of his contract. In addition, Swoope presented no evidence that the school corporation made a "clearly implied promise" to continued employment. As a result, Swoope simply failed to show that he had a property interest that was protected by the Due Process Clause of the Fourteenth Amendment, and no reasonable jury could have found that the defendants violated his due process rights.

Even if Swoope had shown a protected interest in continued employment, there was no violation of Swoope's right to due process before he was terminated. As I noted in court, the evidence presented during his case in chief showed that the school corporation sent Swoope a preliminary notification that his contract may not be renewed (Pl.'s Ex. 6) and final notice once the school board had voted to terminate him (Pl.'s Ex. 5.). After that, Swoope requested a meeting with the board of trustees to appeal the decision (Defs.' Ex. F) and was heard on the issue at a meeting with at least one board member and several administrators. Swoope presented no evidence showing that the hearing he received was not full and fair. As a result, he received all the process

4

to which he was entitled and probably more. For this reason, the defendants were entitled to judgment as a matter of law on Swoope's due process claims.

Dated: April 28, 2016

s/ Philip P. Simon
CHIEF JUDGE
UNITED STATES DISTRICT COURT